J-S87002-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| DAVID ANDREW WALES, | |
| Appellant | No. 2246 MDA 2015 |

Appeal from the Judgment of Sentence November 25, 2015
in the Court of Common Pleas of Bradford County
Criminal Division at No.: CP-08-CR-0000222-2015

BEFORE:  LAZARUS, J., SOLANO, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                    **FILED DECEMBER 12, 2016**

Appellant, David Andrew Wales, appeals from his judgment of sentence, following his counseled, negotiated guilty plea to one count of criminal trespass.  Specifically, he challenges the amount of an order of restitution.  We affirm.

Without permission, Appellant and his accomplice entered the Valley Stockyards, an inactive warehouse formerly used for cattle auctions, which was still equipped for operation but not open for business.  Tom Hosking, the owner (and former operator) had put it up for sale.[1]  The two trespassers

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] Mr. Hosking testified that he sold the property a few weeks before the restitution hearing.  (*See* N.T. Restitution Hearing, 11/25/15, at 2.).  He
*(Footnote Continued Next Page)*

proceeded to cause extensive damage to the exterior and interior of the building as well as its contents. (*See* Trial Ct. Op., 4/20/16, at 1; *see also* N.T. Restitution Hearing, at 3-4). Mr. Hosking testified that every window but one was smashed, the restaurant and coolers were smashed, pots and pans were broken, fluorescent lights were torn down and ripped out, etc. He described the overall nature of the damage as "devastating." (N.T. Restitution Hearing, at 3).

Police tracked the vandals through footprints in the snow, and apprehended them at the home of the accomplice. (*See* Trial Ct. Op., at 1). Appellant was charged with three counts of burglary, three counts of criminal trespass, three counts of criminal conspiracy, and criminal mischief. (*See id.*).

However, Appellant entered a negotiated plea to one count of criminal trespass, and agreed to pay restitution. (*See id.*; *see also* N.T. Sentencing, 10/15/15, at 5). In exchange, the trial court dismissed all the remaining charges, as agreed to by the Commonwealth, and imposed the recommended sentence of eighteen months' probation. (*See* N.T. Sentencing, at 8). Notably, the sentencing court had the benefit of a pre-sentence investigation report (PSI). (*See id.* at 1).

*(Footnote Continued)* ───────────

elected not to engage in a complete repair of the building, and wound up accepting a sale price approximately $75,000.00 less than his asking price, before the damage was done. (*See* Trial Court Opinion, 4/20/16, at 3).

Even so, counsel for Appellant challenged the amount of damages, approximately forty-five thousand dollars, and requested a restitution hearing, which the court granted.

After the hearing on November 25, 2015, the court imposed an order of restitution for $44,330.00, jointly and severally on Appellant and his co-defendant. (**See** Trial Ct. Op., at 3; **see also** N.T. Restitution Hearing, at 37). The total amount included $19,875.00 in reimbursement to the victim's insurer and $24,455.00 directly to the victim, Mr. Hosking. The trial court reduced the total by $750.00 on evidence that three computer monitors valued at two hundred and fifty dollars each were six to nine years old and, inferentially, substantially reduced in value.[2] (**See** N.T. Restitution Hearing, at 24, 36-37).

Appellant timely appealed and, after an extension, filed a court-ordered statement of errors, on February 17, 2016. **See** Pa.R.A.P. 1925(b). The trial court filed an opinion on April 20, 2016. **See** Pa.R.A.P. 1925(a).

Appellant presents two questions for our review:

> I. Did the trial court err by imposing an amount of restitution which was far in excess of the criminal conduct of [Appellant] and in an amount not supported by the evidence?
>
> II. Does the order of restitution fail to consider the Appellant's limited mental abilities and earning ability?

_____

[2] Otherwise, the court does not specifically discuss, and the parties do not argue, any distinctions in damages based on original cost of acquisition, depreciation, or replacement value.

(Appellant's Brief, at 4) (unnecessary capitalization omitted).

> Challenges to the appropriateness of a sentence of restitution are generally considered challenges to the legality of the sentence. The legality of a sentence is an issue that cannot be waived. . . .
>
> In evaluating a trial court's application of a statute, our standard of review is plenary and is limited to determining whether the trial court committed an error of law.
>
> Mandatory restitution is statutorily grounded in two provisions, 42 Pa.Con.Stat.Ann. § 9721(c) and 18 Pa.Con.Stat.Ann. § 1106(a).
>
> The Sentencing Code, 42 Pa.Con.Stat.Ann. § 9721(c) provides that the court shall order the defendant to compensate the victim of his criminal conduct for the damage or injury that he sustained. 42 Pa.C.S.A. § 9721(c). The ordering of restitution is further defined by 18 Pa.Con.Stat.Ann. § 1106(a). **Section § 1106(a) sets forth the general rule that upon conviction for any crime wherein the victim suffered personal injury directly resulting from the crime, the offender shall be sentenced to make restitution in addition to the punishment prescribed therefore.** 18 Pa.Con.Stat.Ann. § 1106(a)[.]

*Commonwealth v. Langston*, 904 A.2d 917, 922 (Pa. Super. 2006) (case

citations, internal quotation marks, and footnote omitted) (emphasis in

original).[3]

---

[3] We are mindful that controlling authority provides that restitution is to be determined at the time of sentencing. ***See*** 18 Pa.C.S.A. § 1106 (c)(2); ***see also Commonwealth v. Dinoia***, 801 A.2d 1254, 1256 (Pa. Super. 2002). It is the responsibility of the district attorney to make a recommendation to the court at or prior to the time of sentencing as to the amount of restitution to be ordered. ***See*** 18 Pa.C.S.A. § 1106 (c)(4)(i). Here, the record is silent
*(Footnote Continued Next Page)*

In his first claim, Appellant challenges the order of restitution as excessive and not supported by the evidence. (**See** Appellant's Brief, at 4). Appellant argues chiefly that the stockyard building had experienced prior break-ins. (**See id.** at 7-9). He characterizes the victim's testimony concerning the value of the property as "self-serving" and speculates that an unspecified amount of the damages may have been caused by previous trespassers. (**Id.** at 8; **see also id.** at 8-9).

However, this argument overlooks Appellant's own guilty plea, and Mr. Hosking's testimony that his presentation of damages was limited to the period between his last previous visit to the premises, about a week or two earlier, and the time of the break-in by Appellant and his co-conspirator. It bears noting that the trial court found Mr. Hosking's testimony credible. (**See** Trial Ct. Op., at 3, 5). We defer to the credibility determinations of the trial court as fact finder. **See Commonwealth v. O'Bryon**, 820 A.2d 1287, 1290 (Pa. Super. 2003) (citation omitted).

Furthermore, at the sentencing hearing, where he received the benefit of a favorable negotiated plea, Appellant accepted full responsibility for his

_(Footnote Continued)_ ⎯⎯⎯⎯⎯⎯⎯

on any delay in notice of the Commonwealth's recommendation of restitution. However, we discern no prejudice in the brief delay for a restitution hearing, which the record confirms was requested by counsel for Appellant. Accordingly, we give the parties the benefit of the doubt, and will review Appellant's issues on the merits.

actions, without qualification. (*See* N.T. Sentencing, at 5) ("I'd like to get a job to pay off all the damages"). However, at the restitution hearing, counsel for Appellant went to great lengths to deny substantial responsibility for damages on his behalf. She argued:

> [Appellant] isn't trying to dispute [sic] that he's completely in the clear on this. What we do dispute is the vast amount of damage attempting [sic] to be attributed to [Appellant]. This is a building that . . . was already in disrepair. . . . [S]uddenly every little thing that's wrong with this old building . . . is attributable to [Appellant].

(N.T. Restitution Hearing, at 33-34).

Appellant's acceptance of full responsibility at the guilty plea hearing when it was to his strategic benefit, followed by his generic renunciation, through counsel, of that responsibility later at the restitution hearing is unpersuasive, and fails to meet his burden of proving the amount of restitution was not supported by the evidence.

On independent review, we discern no error of law in the sentencing court's determination of restitution. Mr. Hosking testified to the damages in detail, supported by an appraisal and a written estimate for repair and clean-up. (*See* N.T. Restitution Hearing, at 2-10). Defense counsel cross–examined him at length. (*See id.* at 10-30). Defense counsel's argument essentially addressed the scope of the damages (blaming prior trespassers, and implicitly, his accomplice). (*See id.*). Except for the obsolete computer equipment, counsel did not challenge specific amounts.

The trial court found nothing in the record to support Appellant's argument. (**See** Trial Ct. Op., at 5). We agree. Appellant's argument is speculative and unsupported by the record. (**See** N.T. Restitution Hearing, at 33-35; **see also** Appellant's Brief, at 7-9). His first claim does not merit relief.

In his second issue, Appellant claims that the trial court failed to consider his limited mental abilities and earning capacity. (**See** Appellant's Brief, at 4). He argues that the PSI notes he suffers from cerebral palsy, ADHD, and an unspecified intellectual disability. (**See id.** at 9). Preliminarily, we note that the identification of these conditions in the PSI is based solely on Appellant's self-reporting. Appellant offers no independent medical diagnosis or other corroboration of his claims. Even more importantly,

> where the sentencing judge had the benefit of a presentence investigation report, it will be presumed that he or she was aware of the relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors. . . . The sentencing judge can satisfy the requirement that reasons for imposing sentence be placed on the record by indicating that he or she has been informed by the pre-sentencing report; thus properly considering and weighing all relevant factors.

**Commonwealth v. Ventura**, 975 A.2d 1128, 1135 (Pa. Super. 2009), *appeal denied*, 987 A.2d 161 (Pa. 2009) (citations omitted). Accordingly, under well-settled authority, Appellant's claim of insufficient consideration of his alleged mental and physiological infirmities fails to overcome the

presumption that the sentencing court properly weighed all relevant factors identified in the PSI.[4]

Appellant also argues that the trial court did not consider his "earning ability." (Appellant's Brief at 4, 9-10). The trial court correctly found this claim waived and properly disregarded this factor. When a court orders restitution, it must do so "[r]egardless of the current financial resources of the defendant, so as to provide the victim with the fullest compensation for the loss." 18 Pa.C.S.A. § 1106(c)(1)(i). Evidence about Appellant's ability to pay restitution thus has no bearing on the final amount of restitution ordered. *See Commonwealth v. Rush*, 909 A.2d 805, 811 (Pa. Super. 2006) (citing *Commonwealth v. Marshall Colon*, 708 A.2d 1279, 1282 (Pa. Super. 1998)) ("the court need not consider the defendant's ability to pay at the time of imposing restitution, and the defendant's ability to pay need only be considered upon default.").

His second claim is waived and would not merit relief.

_____

[4] Appellant has failed to include the PSI in the certified record. Inclusion in the reproduced record does not remedy this deficit. *See Commonwealth v. Preston*, 904 A.2d 1, 6 (Pa. Super. 2006), *appeal denied*, 916 A.2d 632 (Pa. 2007). Nevertheless, there is no dispute, and the certified record confirms, that the sentencing court had the benefit of a PSI. Therefore, it is unnecessary for us to address the procedural defects of Appellant's reference to the PSI, and we decline to do so. When the record confirms that the sentencing court acknowledged possession of a PSI, it is still presumed to have weighed all relevant factors.

Our reasoning differs somewhat from that of the sentencing court. However, we may affirm on any basis, so long as the result is legally correct. *See Lucas v. Lucas*, 882 A.2d 523, 531 (Pa. Super. 2005).

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/12/2016